JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES – GENERAL</u>

| | |
|---|---|
| Case No. 8:24-CV-01406-DOC | Date: September 30, 2024 |

Title: NIDA DAYMIA V. BMW FINANCIAL SERVICES NA, LLC et al.

---

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Karlen Dubon</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

| | |
|---|---|
| **PROCEEDINGS (IN CHAMBERS):** | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA [23]** |

Before the Court is Plaintiff Nida Daymia's Motion to Remand ("Motion" or "Mot.") (Dkt. 23). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the reasons explained below, the Court **GRANTS** the Motion and **REMANDS** this case back to Superior Court of California.

**I.      Background**

Plaintiff leased a BMW from Irvine BMW. Plaintiff's Complaint for Damages ("Complaint" or "Compl.")(Dkt. 12 Ex. 1). Plaintiff alleges that during the lease of the 2021 BMW Defendants defrauded Plaintiff by inducing her to enter into the Motion Vehicle Lease. *Id.* Plaintiff states that the Lease included a term regarding the event of a total loss that entitles Defendants to collect certain sums of money. *Id.* The 2021 BMW was then involved in an accident and deemed a total loss, upon which Defendant claimed that they had to collect insurance proceeds including a portion which Plaintiff alleges

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-CV-01406-DOC                                              Date: September 30, 2024

Page 2

exceeded Plaintiff's obligation under the lease. *Id.* Plaintiff alleges their actual damages are $17,932.59. Compl. ¶ 25.

After Plaintiff filed their Complaint, Defendant filed a Notice of Removal ("Not.")(Dkt. 1) on June 24, 2024. After Judge Selna dismissed the first cause of action, fraud and deceit, on July 23, 2024 (Dkt. 13), this matter was transferred to this Court. Plaintiff filed a Motion to Remand ("Motion" or "Mot.")(Dkt. 23) on September 13, 2024. Defendant opposed ("Opp'n)(Dkt. 24) on September 13, 2024.

## II.  II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-CV-01406-DOC                                                         Date: September 30, 2024

Page 3

*Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); Crum v. Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-01406-DOC　　　　　　　　　　　　　　　Date: September 30, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.　Discussion

Defendant argues that the Court has diversity jurisdiction in this case because diversity of citizenship exists and the amount in controversy exceeds $75,000. Not. at 4-5. The Court disagrees.

Here, an amount in controversy over $75,000 is not facially apparent from Plaintiff's complaint. Accordingly, Defendant bears the burden to establish the amount in controversy by a preponderance of the evidence.

Defendant has not met this burden. Plaintiff states in their Complaint, "BMW Financial Services has wrongfully withheld the sum of $17,932.59 from Plaintiff assuming that since the difference between the Adjusted Lease Balance and the Realized Value is not a positive number." Compl. ¶ 49. Defendant argues that in addition to these actual damages alleged, the Court should include various civil penalties, attorneys' fees, and punitive damages in its calculation of the amount in controversy. Not. ¶ 7.

The Court will not include these speculative awards to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). The Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-CV-01406-DOC                                    Date: September 30, 2024

                                                                                    Page 5


**IV.     Disposition**

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                              Initials of Deputy Clerk: kdu

CIVIL-GEN